UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
_____

**CASSIE STRUNK**,                                   Case No. 6:2016-cv-00046

       Plaintiff,

                                                  Judge David L. Bunning

vs.

**LVNV FUNDING, LLC and
RESURGENT CAPITAL
SERVICES, L.P.**,

       Defendants.
_____

**JOINT ANSWER OF LVNV FUNDING, LLC AND
RESURGENT CAPITAL SERVICES, LP**
_____

Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent") (collectively "Defendants") as and for their Joint Answer to the Complaint ("Complaint") of Cassie Strunk ("Plaintiff"), in the above-entitled matter, deny each and every allegation contained therein, unless otherwise admitted or qualified herein, and state and allege as follows:

    1.    In response to numbered paragraph 1 of the Complaint, Defendants admit that Plaintiff brings this matter asserting violations of the FDCPA and of the FCRA, but deny that Defendants violated any law.

    2.    Defendants deny the allegations set forth in numbered paragraph 2 of the Complaint for lack of knowledge or information sufficient to form a belief.

1

3. In response to numbered paragraph 3 of the Complaint, Defendants admit that LVNV acquires debt from creditors. Defendants deny that LVNV's address as listed is correct, and deny that it is in the business of collecting debts from consumers. Defendants further deny the remaining allegations set forth in numbered paragraph 3 of the Complaint for lack of sufficient information and knowledge.

4. Defendants deny the allegations set forth in numbered paragraph 4 of the Complaint.

5. In response to numbered paragraph 5 of the Complaint, Defendants admit that Resurgent is registered with the Kentucky Secretary of State and that Resurgent sometimes services debts owned by LVNV. Defendants deny that Resurgent's address as stated by Plaintiff is correct. Defendants deny that Resurgent is engaged in the business of purchasing debt. Defendants further deny the remaining allegations set forth in numbered paragraph 5 of the Complaint for lack of knowledge or information sufficient to form a belief.

6. In response to numbered paragraph 6 of the Complaint, Defendants admit that Resurgent is a furnisher of information within the meaning of the FCRA. Defendants further admit that Resurgent sometimes engages in the collection of debt that may classify it as a "debt collector" under the FDCPA, but Defendants lack the knowledge or information sufficient to form a belief of whether Resurgent meets the definition of "debt collector" in this instance.

7. In response to numbered paragraph 7 of the Complaint Defendants state that the document speaks for itself.

8. In response to numbered paragraph 8 of the Complaint Defendants state that the document speaks for itself.

9. Defendants deny the allegations set forth in numbered paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief.

10. Defendants deny the allegations set forth in numbered paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief.

11. Defendants deny the allegations set forth in numbered paragraph 11 of the Complaint for lack of knowledge or information sufficient to form a belief.

12. Defendants deny the allegations set forth in numbered paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief.

13. Defendants deny the allegations set forth in numbered paragraph 13 of the Complaint for lack of knowledge or information sufficient to form a belief.

14. Defendants deny the allegations set forth in numbered paragraph 14 of the Complaint for lack of knowledge or information sufficient to form a belief.

15. Defendants admit the allegations set forth in numbered paragraph 15 of the Complaint, upon information and belief.

16. Defendants deny the allegations set forth in numbered paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in numbered paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in numbered paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in numbered paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief.

20. Defendants deny the allegations set forth in numbered paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in numbered paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief.

22. Defendants deny the allegations set forth in numbered paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief.

23. Defendants deny the allegations set forth in numbered paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief.

24. In response to numbered paragraph 24 of the Complaint Defendants aver that the original debt was $272.87 and the amount due on the debt was $319.28 as of December 2015. Defendants deny the remaining allegations set forth in numbered paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief.

25. Defendants deny the allegations set forth in numbered paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in numbered paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in numbered paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in numbered paragraph 28 of the Complaint.

29. Defendants re-allege and incorporate all of its answers to numbered paragraphs 1-28 as if fully set forth herein.

30. Defendants deny the allegations set forth in numbered paragraph 30 of the Complaint, including all subheadings referenced therein.

31. Defendants deny the allegations set forth in numbered paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in numbered paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in numbered paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in numbered paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in numbered paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in numbered paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in numbered paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in numbered paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in numbered paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in numbered paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the FDCPA, which Defendants deny, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### THIRD DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of Defendants.

### FOURTH DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendants.

**WHEREFORE,** Defendants pray for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Defendants with prejudice and on the merits; and,

2. Awarding Defendants such other and further relief as the Court deems just and equitable.

DATED this 18th day of March, 2016

Respectfully submitted:

/s/ Kevin Ray Feazell
Kevin Ray Feazell
Cors & Bassett, LLC
537 East Pete Rose Way
Suite 400
Cincinnati, OH  45202-3578
513-852-8200 phone
513-852-8222 fax
krf@corsbassett.com

Trial Attorney for LVNV Funding, LLC and Resurgent Capital Services, L.P.

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Notice of Removal was served by ordinary U.S. Mail, postage prepaid, this 18th day of March, 2016 upon:

James H. Lawson, Esq.
115 S. Sherrin Avenue
Suite 4
Louisville, KY 40207

            /s/ Kevin Ray Feazell_____
            Kevin Ray Feazell